UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL DAVITT,

    Petitioner,                   3: 09-cv-00508-ECR-VPC

vs.

                                        **ORDER**

E. K. McDANIEL, *et al.,*

    Respondents.

       This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion to proceed *in forma pauperis*. (Docket #1). Based on the information about petitioner's financial status, including any additional information that may have provided, the court finds that the motion to proceed *in forma pauperis* should be granted.

       The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In ground 1 of the petition, petitioner contends that his right to due process and equal protection of the law have been violated because he has filed a "status check motion" with the Nevada Supreme Court regarding a pending appeal and the court has refused to entertain that motion. In ground 2, petitioner contends that his right to due process and equal protection of the law have been violated because the Nevada Supreme Court is in receipt of the district court case file and refuses to rule on his appeal. In ground 4, petitioner contends that his first amendment right to redress of grievances against the government has been violated because the Nevada Supreme Court has failed to entertain his "status check motion." In ground 5, petitioner contends that his first amendment right to redress of grievances against the government has been violated because the Nevada Supreme Court refuses to rule on his appeal. The court finds, as a matter of law, that none of these grounds states a claim for relief pursuant to 28 U.S.C. Section 2254. The court will therefore dismiss these grounds with prejudice.

In ground 3, petitioner contends that his first amendment right to redress against the government has been violated because the Nevada Parole Board has not scheduled a mandatory parole hearing in compliance with its own regulations and "NRS." In ground 6, petitioner repeats the same contention.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).

By explaining that the contention raised in grounds 3 and 6 is pending before the

1  Nevada Supreme Court, petitioner has admitted that this contention is not exhausted.  With the
2  dismissal of grounds 1, 2, 4, and 5, the petition contains no exhausted claims.  Accordingly, this
3  court lacks jurisdiction and is obliged to dismiss the federal petition immediately. *See, Jiminez v.*
4  *Rice,* 276 F.3d 478, 481 (9th Cir.2001), *cert. denied*, 538 U.S. 949 (2003).

6  **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis*
7  (Docket #1) is **GRANTED**.  The Clerk **SHALL FILE** the petition for a writ of habeas.
8  **IT IS FURTHER ORDERED** that grounds 1, 2, 4 and 5 are **DISMISSED** with
9  prejudice for failure to state a claim upon which relief can be granted.
10  **IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is
11  **DISMISSED** without prejudice as containing only unexhausted claims.
12  The Clerk is directed to enter judgment accordingly and to close this case.

14  DATED this 21st day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE